## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **ADRIANA McBRIDE,** Individually and on behalf of all others similarly situated, | **Case No. _____** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |
| **DMI GC HOLDINGS, LLC d/b/a/ DIALOG DIRECT, a QUALFON COMPANY** | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |
| **Defendant.** | |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Adriana McBride ("McBride") brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members") who worked for DMI GC Holdings, LLC, dba Dialog Direct, a Qualfon Company ("Dialog Direct" or "Defendant"), anywhere in the United States, at any time from August 26, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*, and the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws Ann. § 408.411, *et seq.* ("WOWA" or "Michigan Act").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of

the FLSA, 29 U.S.C. § 216(b), while the state law claim is asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.    This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the state laws of Michigan, and Fed. R. Civ. P. 23, to recover unpaid wages, overtime wages, and other applicable penalties.

2.    Plaintiff and the Putative Class Members are those similarly situated persons who worked for Dialog Direct in call centers, anywhere in the United States, at any time from August 26, 2017 through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.    Specifically, Dialog Direct enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4.    Dialog Direct's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further

created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Dialog Direct knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8.      Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under South Carolina and Michigan state law as class actions pursuant to Federal Rule of Civil Procedure 23.

9.      Plaintiff pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiff also pray that each Rule 23 class is certified as defined herein, that Plaintiff McBride be named as the Class Representative of the Michigan Class.

## II.
## THE PARTIES

11.     Plaintiff Adriana McBride ("McBride") was employed by Dialog Direct in Highland Park, Michigan during the relevant time period. Plaintiff McBride did not receive compensation for all hours worked, the minimum wage for all hours worked, or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by Dialog Direct, anywhere in the United States, at any time from August 26, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13.     The Michigan Members are those current and former hourly call-center employees who were employed by Dialog Direct, in Michigan, at any time from August 26, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff McBride worked and was paid.

14.     Defendant DMI GC Holdings, LLC, is a foreign limited liability company licensed to and doing business in the State of Michigan, with its principal place of

---

[1] The written consent of Adriana McBride is attached hereto as Exhibit A.

business in Michigan, and can be served through its registered agent: **The Corporation Company, 40600 Ann Arbor Rd E, Ste 201, Plymouth, Michigan, 48170.**

### III.
### JURISDICTION & VENUE

15.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

16.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has general and specific personal jurisdiction over Dialog Direct because the cause of action arose within this District as a result of Dialog Direct's conduct within this District and Division and because Dialog Direct has its principal place of business in Michigan.

18.     Venue is proper in the Eastern District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19.     Specifically, Dialog Direct's corporate headquarters are located in Highland Park, Michigan, and Plaintiff McBride worked for Dialog Direct in Highland Park, Michigan all of which is located within this District and Division.

20.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
## ADDITIONAL FACTS

21.     Dialog Direct operates customer engagement and contact centers that provide direct marketing, customer service and sales, and inside sales to their business clients' customers.[2]

22.     Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Dialog Direct's customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

23.     Plaintiff Jenkins was employed by Dialog Direct in its call center located in Highland Park, Michigan from approximately August 26 2017 until July 2020.

24.     Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

25.     Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

26.     In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to four (4) compensable hours "off-the-clock" per week and have not been compensated for that time.

---

[2] https://www.dialog-direct.com/about-us/

### *Unpaid Start-Up Time*

27.     Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Dialog Direct as a result of Dialog Direct's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

28.     Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs, log in to each program, and ensure that each program is running correctly— all of which can take up to twenty-five minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

29.     If Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

30.     If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

31.     Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

32.     During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### *Unpaid Work During Meal Period Breaks*

33.     Dialog Direct provides Plaintiff and the Putative Class Members' with one unpaid thirty-minute meal break each day.

34.     However, Dialog Direct requires Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

35.     Plaintiff and the Putative Class are required to stay on the clock and on call until the minute their meal break begins, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

36.     Plaintiff and the Putative Class Members are required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break end.

37.     The log off process used prior to taking a meal break can take anywhere from one to three minutes.

38.     The log in process used after returning from a meal break can take anywhere from another one to three minutes.

39.     This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' meal break per Dialog Direct's policy.

### *Unpaid Technical Downtime*

40.     Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

41.     At times, Plaintiff and the Putative Class Members would spend anywhere from ten minutes (10) to several hours in a day troubleshooting their computer or talking to technical support trying to get their computer to work so they could work.

42.     During the Covid-19 pandemic, a substantial amount of Dialog Direct's workforce has been working remotely from home and have experienced substantial periods of technical downtime.

43.     Dialog Direct requires Plaintiff and the Putative Class Members to actively troubleshoot their issues, but Dialog Direct does not pay Plaintiff and the Putative Class Members for any of their time spent rebooting or troubleshooting.

44.     Plaintiff and the Putative Class Members were not compensated for the time they worked for Dialog Direct rebooting or troubleshooting Dialog Direct's computers after they crashed or experienced other technical difficulties.

### *Unpaid Rest Breaks Lasting Twenty Minutes or Less*

45.     In addition, Dialog Direct also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less.

29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

46.     Dialog Direct permitted Plaintiff and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

47.     As a result of Dialog Direct's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid meal period breaks, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

### *Unpaid Minimum Wage Due to Kickbacks*

48.     During the Covid-19 pandemic, Dialog Direct has required a substantial amount of its workforce, including the Plaintiff and Putative Class Members, to work from home.

49.     While working from home, Plaintiff and the Putative Class Members incurred substantial costs, such as increased electricity usage, internet data usage, and paying costs out of pocket for equipment cables used to connect computers directly to an internet router, while working for Dialog Direct's benefit.

50.     Despite incurring these costs on behalf of Dialog Direct, Plaintiff and the Putative Class Members do not receive any reimbursement for these out-of-pocket costs.

51.     These costs, when deducted from the Plaintiff and Putative Class Members' wages, bring their overall wages below the applicable minimum wage.

52.     Therefore, Plaintiff and the Putative Class Members did not receive the minimum wage "free and clear" of any kickback payments. 29 C.F.R. § 531.35.

53.     Dialog Direct has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

54.     Dialog Direct is aware of their obligation to pay the minimum wage and to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

55.     Because Dialog Direct did not pay Plaintiff and the Putative Class Members for all hours worked, the minimum wage for all hours at or below forty (40) hours in a workweek, and time and a half for all hours worked in excess of forty (40) in a workweek, Dialog Direct's pay policies and practices violate the FLSA.

56.     Because Dialog Direct did not pay Plaintiff and the Putative Class Members for all hours worked, Dialog Direct pay policies and practices also violate Michigan state law.

# V.
## CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging FLSA Violations)

## A.     FLSA COVERAGE

57.     Plaintiff incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

58.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY DMI GC HOLDINGS, LLC d/b/a/ DIALOG DIRECT IN A POSITION INVOLVED IN CUSTOMER SERVICE/CONTACT, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

59.     At all times hereinafter mentioned, Dialog Direct has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

60.     At all times hereinafter mentioned, Dialog Direct has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

61.     At all times hereinafter mentioned, Dialog Direct has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

62.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Dialog Direct, these individuals have provided services for Dialog Direct that involved interstate commerce for purposes of the FLSA.

63.     In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

64.     Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of Dialog Direct who assisted Dialog Direct's customers who live throughout the United States. 29 U.S.C. § 203(j).

65.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

66.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 77.

67. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Dialog Direct.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

68. Dialog Direct has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

69. Moreover, Dialog Direct knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the minimum wage and the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

70. Dialog Direct is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

71. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Dialog Direct to pay them according to the law.

72.     The decisions and practices by Dialog Direct to not pay for all hours worked, the proper minimum wage for all hours at or below forty (40) hours in a workweek, and the proper amount of overtime for all hours worked in excess of forty (40) hours in a workweek was neither reasonable nor in good faith.

73.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid the minimum wage for all hours worked at or below forty (40) hours per workweek and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

74.     All previous paragraphs are incorporated as though fully set forth herein.

75.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Dialog Direct's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

76.     Other similarly situated employees of Dialog Direct have been victimized by Dialog Direct's patterns, practices, and policies, which are in willful violation of the FLSA.

77.     The FLSA Collective Members are defined in Paragraph 58.

78.     Dialog Direct's failure to pay Plaintiff and the FLSA Collective Members for all hours worked, the minimum wage, and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Dialog

Direct, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

79.    Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

80.    The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

81.    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked, the minimum wage for all hours worked at or below forty (40) hours per workweek, and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

82.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

83.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Dialog Direct will retain the proceeds of its rampant violations.

84.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

85.    Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 58 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of WOWA)**

### A.    WOWA COVERAGE

86.    Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

87.    The Michigan Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY DMI GC HOLDINGS, LLC, dba DIALOG DIRECT IN A POSITION INVOLVED IN CUSTOMER SERVICE/CONTACT, ANYWHERE IN THE STATE OF MICHIGAN, AT ANY TIME FROM AUGUST 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Michigan Class" or "Michigan Class Members")**

88.    At all times hereinafter mentioned, Dialog Direct has been an "employer" within the meaning of WOWA. *See* Mich. Comp. Laws Ann. § 408.412(d).

89.    At all times hereinafter mentioned, Plaintiff McBride and the Michigan Class Members have been "employees" within the meaning of WOWA. *See* Mich. Comp. Laws Ann. § 408.412(c).

90.    Plaintiff McBride and the Michigan Class Members were or have been employed by Dialog Direct and have been covered employees entitled to the protections of WOWA and were not exempt from the protections of the WOWA.

91.     The employer, Dialog Direct, is not exempt from paying overtime benefits under WOWA.

## B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH WOWA

92.     All previous paragraphs are incorporated as though fully set forth herein.

93.     WOWA requires that employees, including Plaintiff McBride and the Michigan Class Members, receive compensation for all hours worked at a rate that is no less than the rates described in Mich. Comp. Laws Ann. § 408.414(a)–(e). *See* Mich. Comp. Laws Ann. § 408.413.

94.     WOWA also requires that employees, including Plaintiff McBride and the Michigan Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* Mich. Comp. Laws Ann. § 408.414a.

95.     Pursuant to Mich. Comp. Laws Ann. § 408.417 "An employer who is subject to this act or any regulation or order issued under this act shall furnish each employee with a statement of the hours worked by the employee and of the wages paid to the employee, listing deductions made each pay period."

96.     Plaintiff McBride and the Michigan Class Members were or have been employed by Dialog Direct and have been covered employees entitled to the protections of WOWA.

97.     Dialog Direct is an employer covered by the requirements set forth in WOWA.

98.     Plaintiff McBride and the Michigan Class Members are not exempt from receiving the minimum wage or overtime benefits under WOWA.

99.     Plaintiff McBride and the Michigan Class Members worked for Dialog Direct but were not paid the applicable minimum wage for all hours worked at or below forty (40) hours in a workweek. Specifically, Dialog Direct did not pay Plaintiff McBride or the Michigan Class Members at all for their hours spent completing their computer start-up tasks before their shifts began, and for hours spent on the telephone after their shifts ended on Dialog Direct's behalf.

100.     Dialog Direct would also make deductions to Plaintiff McBride and the Michigan Class Members' wages, reducing their wages below the applicable minimum wage, guaranteed under WOWA.

101.     Plaintiff McBride and the Michigan Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Dialog Direct violated WOWA by failing to pay them their hourly wage for all hours worked, specifically their hours spent completing their computer start-up tasks before their shifts began, and for hours spent on the telephone after their shifts ended on Dialog Direct's behalf.

102.     Plaintiff McBride and the Michigan Class Members were not paid the correct minimum wage compensation for all hours worked and were not paid the correct amount of overtime compensation for all hours worked, or for all hours worked over 40 per week.

103.    Further, Dialog Direct, did not pay Plaintiff McBride and the Michigan Class Members all wages due to them, nor did it provide Plaintiff McBride and the Michigan Class Members with a compliant wage statement listing all deductions made each pay period.

104.    Plaintiff McBride and the Michigan Class Members have suffered damages and continue to suffer damages as a result of Dialog Direct's acts or omissions as described herein; though Dialog Direct is in possession and control of necessary documents and information from which Michigan Class Members would be able to precisely calculate damages.

105.    In violating WOWA, Dialog Direct acted willfully, without a good faith basis, and with reckless disregard of applicable Michigan law.

106.    Dialog Direct is liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Dialog Direct is also liable for an amount equal Plaintiff McBride and the Michigan Class Members unpaid wages as liquidated damages. See Mich. Comp. Laws Ann. § 408. 419(a).

107.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to WOWA, is defined in Paragraph 87.

108.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Dialog Direct.

## C.    WOWA CLASS ALLEGATIONS

109.    All previous paragraphs are incorporated as though fully set forth herein.

110.    Plaintiff McBride and the Michigan Class Members bring their WOWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Dialog Direct to work in Michigan since August 26, 2017.

111.    Class action treatment of Plaintiff McBride and the Michigan Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

112.    The number of Michigan Class Members is so numerous that joinder of all class members is impracticable.

113.    Plaintiff McBride is a member of the Michigan Class and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of the other class members.

114.    Plaintiff McBride and her counsel will fairly and adequately represent the class members and their interests.

115.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

116.    Accordingly, the Michigan Class should be certified as defined in

Paragraph 87.

# VI.
## RELIEF SOUGHT

117.   Plaintiff respectfully pray for judgment against Dialog Direct as follows:

a.   For an Order certifying the FLSA Collective as defined in Paragraph 58 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members

b.   For an Order certifying the Michigan Class as defined in Paragraph 87 and designating Plaintiff McBride as the Class Representative of the Michigan Class;

c.   For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d.   For an Order pursuant to Section 16(b) of the FLSA finding Dialog Direct liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

e.   For an Order pursuant to Michigan law awarding Plaintiff McBride and the Michigan Class Members unpaid wages and other damages allowed by law;

f.   For an Order awarding the costs and expenses of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiff McBride a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Defendant, at Defendant's expense; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.


Date:  August 26, 2020                  Respectfully submitted,

                          By:      /s/ Clif Alexander
                                   **Clif Alexander**
                                   Texas Bar No. 24064805
                                   clif@a2xlaw.com
                                   **Austin W. Anderson**
                                   Texas Bar No. 24045189
                                   austin@a2xlaw.com
                                   **ANDERSON ALEXANDER, PLLC**
                                   819 N. Upper Broadway
                                   Corpus Christi, Texas 78401
                                   Telephone: (361) 452-1279
                                   Facsimile: (361) 452-1284

                                   **Jennifer McManus**
                                   Michigan Bar No.
                                   jmcmanus@faganlawpc.com
                                   **FAGAN MCMANUS, P.C.**
                                   25892 Woodward Avenue
                                   Royal Oak, Michigan
                                   Telephone: (248) 658-8951

Facsimile: (248) 542-6301

***Attorneys in Charge for Plaintiff and Putative Class Members***